UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------X

YAAKOV KILBERG,

                                                 Civil Action No.:

                 Plaintiff,

  -against-                               **COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

DISCOVER FINANCIAL SERVICES,

                Defendants.

-----------------------------------------------------------------X

Plaintiff, YAAKOV KILBERG ("Plaintiff"), by and through his attorneys, M. Harvey Rephen & Associates, P.C. by Edward B. Geller, Esq., P.C., Of Counsel,, as and for their Complaint against the Defendant, DISCOVER FINANCIAL SERVICES (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1.    Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

### PARTIES

2.    Plaintiff YAAKOV KILBERG is a resident of the State of New Jersey, residing at 665 Princeton Avenue, #113, Lakewood, New Jersey 08701.

3. Defendant DISCOVER FINANCIAL SERVICES is a New York corporation with a corporate headquarters address located at 2500 Lake Cook Rd. Riverwoods, IL 60015.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 47 USC §227 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

6. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "5" herein with the same force and effect as if the same were set forth at length herein.

7. Approximately August 2015, Defendant began communicating with Plaintiff by means of telephone calls to Plaintiff's mobile telephone number 732 267 2357 with an autodialer.

8. On September 1, 2015, Plaintiff YAAKOV KILBERG placed a telephone call to Defendant and was connected to a representative named Raymond.

9. The Plaintiff informed and requested from the Defendant's representative Raymond that he did not want to be contacted by an autodialer or receive autodialed calls to his cell phone , number 732.267.2357.

10. "Raymond" replied that they use an autodialer but that that's the only way we can contact you….

11. The Plaintiff stated ok but please note my request.

12. The Plaintiff placed a second call to the defendant for a second account and informed the Defendant's representative that he does not want to be contacted with an autodialer.

13. The Defendant's representative stated what you want me to call manually?

14. Despite Plaintiffs' requests, auto-dialed telephone calls from Defendant resumed and have continued, amounting to four hundred and two (402) calls.

### **FIRST CAUSE OF ACTION**
*(Violations of the TCPA)*

15. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "14" herein with the same force and effect as if the same were set forth at length herein.

16. According to the Telephone Consumer Protection Act, 47 USC §227(b)(A)(iii), "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (A) to make any call (other than a call made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice--- (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call us made solely to collect a debt owed to or guaranteed by the United States."

It has been determined that the statute language adding "or" any service for which the called party is charged, is not accurately interpreted to require that Plaintiff must claim that Defendant's calls incurred charges. See <u>Breslow c. Wells Fargo Bank,</u>

N.A. 857 F. Supp 2d 1316, 1319 (S.D. Fla. 2012) Cavero v. Franklin Collection Serv., Inc., 2012 WL 279448 (S.D. Fla. 2012). A number of Courts have addressed the issue of a Plaintiff being charged with all agreeing that the TCPA does not require a Plaintiff who received calls on his/her *cell phone* to allege that he/she was charged for the call. For example, in Manno v.Healthcare Revenue Recovery Grp., LLC, 289 F.R.D. 674 (S.D. Fla. 2013), the Court held that "The TCPA does not require the plaintiff to be `charged for' the calls in order to have standing to sue." In Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242 (11th Cir. 2014), the Court stated: If the phrase `any service for which the called party is charged for the call' requires that the party be charged per call for the `paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service' in order for the party to prohibit autodialed calls, then the listing of these services would be superfluous because they are already included under them 'any service for which the called party is charged.' On the other hand, reading `any service for which the called party is charged for the call' as an additional item beyond any call to a `paging service, cellular telephone service, specialized mobile radio service, or other common carrier service,' regardless of whether the called party is charged, gives independent meaning to each term."

It is thus clear from the plain language of the TCPA, and it's considerable body of resultant case law that the TCPA is violated when a cellular telephone is called with an automatic dialer without consent, even if no charges are alleged or incurred.

17. With the autodialer calls to Plaintiff's telephone commencing on August 15, 2015 and accumulating to at least four hundred and two (402) times thereafter, the

Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

18. The Defendant, having been informed that Plaintiff requested that no further calls be received, Defendant willfully violated the TCPA at least four hundred and two (402) times.

17. Pursuant to the TCPA Omnibus Declaratory Ruling and Order, July 2015, paragraphs 138 and 139, communications from banking institutions which are exempt "…are all intended to address exigent circumstances in which a quick, timely communication with a consumer could prevent considerable consumer harms from occurring or, in the case of the remediation calls, could help quickly mitigate the extent of harm that will occur." Pursuant to Paragraph 139, (3) and (7) "In light of these considerations, we adopt the following conditions for each exempted call (voice call or text message) made by a financial institution:

3) voice calls and text messages are strictly limited to purposes discussed in paras. 129-137 above and must not include any telemarketing, cross-marketing, solicitation, debt collection, or advertising content;

7) a financial institution must honor opt-out requests immediately."

18. Defendant is in violation of the TCPA paragraphs 139 (3) having used their calls for debt collection and (7), failing to honor Plaintiffs' desire to opt out of both text and telephone communications despite Plaintiff's clear, unequivocal and repeated requests that such automatic calls cease.

19. Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

## DEMAND FOR TRIAL BY JURY

20. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

A. For actual damages provided and pursuant to 47 USC §227;

B. For trebled damages to be awarded to the Plaintiff in accordance with the TCPA, for each of the Defendant's willful or knowing violations of the TCPA.

C. For statutory damages provided and pursuant to 47 USC Section 227;

D. A declaration that the Defendant's practices violated the TCPA;

E. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:     August 4, 2016

Respectfully submitted,

*(signature)*

EDWARD B. GELLER, ESQ. (EG9763)
EDWARD B. GELLER, ESQ., P.C., OF COUNSEL
TO M. HARVEY REPHEN & ASSOCIATES, P.C.

*Attorney for the Plaintiff* YAAKOV KILBERG
15 Landing Way
Bronx, New York 10464
Tel:(914)473-6783
E-mail: epbh@aol.com

To:   DISCOVER FINANCIAL SERVICES
      2500 Lake Cook Rd.
      Riverwoods, IL  60015.
      (Via Prescribed Service)

Clerk of the Court,
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, New Jersey 08608

(Via Electronic Court Filing)